WILLIAM BAUMGARTEN, Appellant, *v.* WILLIAM G. NICHOLS and Others, Defendants ; HERTER BROTHERS and WILLIAM S. NICHOLS, Respondents.

*Conveyance to a corporation — condition therein as to its control by the majority stockholder — combination to prevent it.*

A complaint, in an action brought to set aside a conveyance of partnership assets to a corporation organized by the members of the firm and a third party, made under an agreement that such supposed independent trustee and stock-holder should act "in the interests of the corporation," alleged that the third party, a supposed independent trustee and stockholder in the business corporation, whose holding of stock gave him the balance of power, had combined with the stockholder holding stock next largest in amount to that held by the plaintiff, who was the largest stockholder, to transfer the control of the management from the plaintiff to the majority created by such combination, but did not allege that the combination had done anything in the management of the business of the corporation detrimental to its interests, or allege a return or offer to return to such third party the money invested by him in the stock of the corporation on the faith of such conveyance of the partnership assets to it by the plaintiff and the next largest stockholder.

*Held,* that the complaint did not state facts sufficient to constitute a cause of action for an annulment of the conveyance to the corporation.

APPEAL by the plaintiff, William Baumgarten, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 12th day of January, 1893, upon a decision rendered at the New York Special Term sustaining the demurrers of the defendants, William S. Nichols and Herter Bros., a corporation, to the plaintiff's amended complaint.

The demurrers were upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

*A. L. Pincoffs*, for the appellant.

*J. Thomson* and *J. H. Seymour*, for the respondents.

VAN BRUNT, P. J.:

This action is brought to set aside a conveyance made to the corporation of Herter Bros. by the plaintiff and one William G. Nichols, on or about the 2d of Febuary, 1891.

The complaint alleges that prior to said date the plaintiff and said William G. Nichols were copartners in business under the firm name of Herter Bros., and that in said copartnership the plaintiff was the senior partner and owner of a majority interest therein, the plaintiff being entitled to sixty per cent of the profits, and the defendant Nichols to thirty per cent thereof, they being the only partners in the firm ; that the defendant Norton had been for several years in the employment of the plaintiff as salesman, and familiar with the affairs and business of said firm ; that during the year preceding the said deed mentioned, the said William G. Nichols repeatedly expressed to the plaintiff his desire to retire from the active participation in said business, and proposed to the plaintiff the formation of a corporation in the nature of a stock company to which the business of said firm should be transferred, and that the plaintiff and said William G. Nichols should receive shares of stock in said corporation representing their proportionate interest in the assets thereof, which proposition was accepted by the plaintiff; that said Nichols further proposed that said Norton should be asked to contribute to the assets of said corporation by paying for and receiving stock in said corporation so that said Norton should be independently interested in the assets and business of said corporation ; that the plaintiff assented to the proposition, and thereafter proposed to said Norton that he should invest a certain sum in cash in the stock of said corporation, and Norton accepted the proposition and agreed with the plaintiff to make such investment on his own behalf, and to pay for an interest in the stock of the corporation to be formed the sum of $50,000 in cash ; that it was thereupon agreed between the plaintiff, Nichols and Norton, that a corporation should be formed to which should be transferred the capital account of the plaintiff as the same stood upon the books of said Herter Bros. on

the 1st of February, 1890, and also the capital account of said Nichols, and the good will of the old firm of Herter Bros., including the right to use the firm name of Herter Bros., and to which corporation there should also be transferred and paid over an additional sum of $50,000 in cash; that such corporation should have a capital stock, in all, of $375,000, of which the plaintiff was to receive $175,000 on the transfer by him of his interest in said firm, and the defendant Nichols was to receive $145,000 on a like transfer by him, and the defendant Norton, on the payment and investment by him on his individual behalf of the sum of $50,000, should receive shares in the capital stock of said corporation to the amount of $60,000 par value. (There seems to be some discrepancy in the figures here stated, but they are so contained in the complaint.) The complaint further alleges that it was further agreed between the plaintiff and the defendants, Nichols and Norton, that the trustees who were to conduct the business of the corporation for the first year thereof "should be the defendants, William G. Nichols, and William S. Nichols, the father of the said William G. Nichols, who should represent upon said board the interests of said defendant, William G. Nichols, and this plaintiff, William Baumgarten, and the brother of this plaintiff, Emile Baumgarten, who should represent the interests of this plaintiff in said corporation, and the defendant, Arthur Norton, who should represent the separate individual interest of said Norton, consisting of his individual investment in the stock and assets thereof," the parties seeming to have the idea which too commonly pervades trustees of corporations that they were made such trustees for the purpose of looking after individual interests, instead of the interests of the corporation which they were supposed to represent.

The complaint further alleges that pursuant to this agreement, and for the purpose of carrying the same into effect, the plaintiff united with Nichols in making and filing a certificate for the incorporation of a stock company to be known as Herter Bros., the names of the trustees who were to conduct the business for the first year being inserted as above stated to have been agreed upon, and subsequently the plaintiff united with Nichols in the execution of the conveyance and transfer to such corporation, of the property and business of such copartnership; "that at the first meeting held for the purpose of organization of such corporation the defendant

Norton stated that he was not able to comply with his agreement to pay the sum of $50,000 in cash for an interest in the assets of said corporation, and was prepared to pay only the sum of $30,000;" that said Norton thereupon paid over to said corporation $30,000 in cash as his own individual payment, and representing the individual investment of said Norton in the assets of said corporation, and the remaining capital stock of said corporation, to wit, the sum of $345,000, was issued to the plaintiff and the defendant, William G. Nichols, in consideration of the conveyance by said plaintiff and said Nichols to the corporation of the business and property of said Herter Bros.

The complaint further alleges that in joining in the making and execution of such conveyance the plaintiff relied upon the agreements hereinbefore set forth and the facts hereinbefore stated as to the respective interests to be taken and paid for by the parties named, the allotment and payment for such interests being material facts in said agreement as affecting the action of the plaintiff with respect to the carying out of the same.

The complaint further alleges that owing to the premises " there existed between the plaintiff and the defendants, William G. Nichols and Arthur Norton, relations of trust and confidence, they being engaged in a common enterprise, and that this plaintiff relied in consenting to the formation of such corporation and to the conveyance of the property of the firm of Herter Bros. thereto on the good faith of such defendants, and on the fact that they owed to this plaintiff the duty of disclosing to him all material facts relating to their connection with each other and said corporation."

The complaint then alleges that the true facts and relations between the parties to said agreement were not those stated to and relied upon by the plaintiff as hereinbefore stated; that Norton did not and did not intend to become interested in said corporation by the investment therein of money on his individual behalf, and did not intend to and did not acquire as independent owner thereof, the interest in said corporation agreed to be transferred to him; that it was not true that Norton paid his own money for an interest in said corporation, but said money was given or advanced by the defendant, William G. Nichols, and was in fact the money of Nichols, and that the fact was that Nichols intended to and did acquire an addi-

tional interest in the property, sufficient, when added to his interest, to confer upon said Nichols the control of the corporation as against the plaintiff : and that all these things were concealed from the plaintiff, the object of such concealment upon the part of Nichols being to take away from the plaintiff the control of the business of Herter Bros. and obtain the same himself.   These allegations are amplified in the · complaint, but it is not necessary to refer to them more at length.

The complaint then alleges that the reason he consented " to the formation of the corporation in which Norton was to be a stockholder, and the conveyance of the property of the firm of Herter Bros. to such corporation, was that plaintiff relied on the fact that the defendant Norton would act as such stockholder *in the interests of said corporation*" (which seems to be the only allegation in this complaint that any trustee was to act in accordance with the duties which his office devolved upon him), "and that there was nothing in his relation, either to this plaintiff or to the defendant, William G. Nichols, which could in any way influence him, or which might tend to prevent him from acting with impartiality in any conflict which might arise between this plaintiff and the defendant, William G. Nichols."   Then follows the allegation :

" That no money has been paid into the treasury of the corporation by any persons except the plaintiff and the defendants, William G. Nichols and Arthur Norton, and that all other persons appearing as stockholders of record on the books of such corporation, and any persons to whom certificates may have been transferred, hold their stock without having paid any consideration for the same, or with full knowledge of the said fraudulent concealment, and of the deceit practiced on this plaintiff, or both."

To this complaint, the defendants, Herter Bros. and the defendant, William S. Nichols, demurred upon the ground that it did not state facts sufficient to constitute a cause of action.   These demurrers being sustained, from the interlocutory judgment thereupon entered this appeal is taken.

It may be sufficient answer to this complaint to say that Norton had paid $30,000 in cash into this corporation on the strength of the transfer to it of the business of the firm and of property belonging to the plaintiff and the defendant Nichols, and until that money is

returned to him, it is difficult to see how the plaintiff can have annulled and set aside the transaction in which Norton advanced this money. As far as this point is concerned, it is entirely immaterial as to whether Nichols advanced the money to Norton or not. Even if he did, it was Norton's individual money, and he would be liable to Nichols for the repayment thereof. And certainly before the corporation, into which he has put this money upon the strength of the receipt of this property, can be deprived of that property and his money rendered valueless, Norton must be reinstated in the position he occupied prior to the payment in of the money. One of the first principles in the law of rescission is that what has been received must be returned, and this seems to have been entirely lost sight of in the previous consideration of this case.

But aside from this, no ground for setting aside this conveyance is set out in this complaint. It is manifest that the plaintiff supposed when Norton was given the balance of power in this corporation that he was going to use this balance of power for the purpose of keeping the plaintiff in, and he has found himself mistaken.

The defendant Nichols seems to have captured the independent trustee, who alone was to look out for the interests of the corporation. And if the result of the combination of the majority is that the minority must lose their control, that is only the natural result which always happens in the management of corporate affairs — the majority of the stock controls.

Now it is to be observed that as far as the defendant Norton is concerned all the allegations in the complaint are that he was to put in $30,000 as his own individual payment. There is no allegation that he represented or that the plaintiff supposed that he had $30,000 of his own to put in. But the plaintiff assumes that, although Norton might borrow the money from all the world, he was precluded from borrowing the same from Nichols. And yet we fail to find, in all the allegations in relation to the condition of affairs upon which plaintiff alleges that he relied, that there was any representation upon the part of Norton or Nichols as to how Norton should get the money which he was to put into this corporation.

The allegation that there was any relation existing between the parties which required a disclosure as to the means by which Norton was to procure the money that he was to put into this business is a

clear assumption. There is nothing in the complaint which bears out any such conclusion. Certainly if Norton had gone to the plaintiff to borrow this money Nichols would have had no cause for complaint. How then can it be assumed that because he borrowed the money of Nichols a fraud has been perpetrated?

There is no allegation that either Nichols or Norton have done anything in the management of the business of this corporation detrimental to its interests.

It is alleged that this combination between Nichols and Norton was made to take away from the plaintiff the control of the business theretofore carried on by Herter Bros., and to obtain the same himself. The complaint contains no evidence of the carrying out of any such design; and if it did the plaintiff asserts the fact to be that the defendant Norton was to act as such stockholder in the interests of the corporation, and he might think such action was necessary in the interests of the corporation, and who is to dispute his judgment?

It would thus appear that the whole atmosphere of the case indicates that the plaintiff was of the opinion that Norton would act in his interest, but for some reason he has concluded that he is mistaken in that regard, and that Norton will probably transfer his allegiance to the other largest stockholder in the concern.

We do not see how, under such a state of facts, the plaintiff can claim to set aside a conveyance made to the corporation.

The judgment should be affirmed, with costs.

O'BRIEN, J., concurred.

Judgment affirmed, with costs.